[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12071
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00357-CV-3-LAC-WCS

NYKA O'CONNOR,

Plaintiff-Appellant,

versus

FDOC,
J. MOORE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 21, 2010)

Before EDMONDSON, BIRCH, and BLACK, Circuit Judges.

PER CURIAM:

Nyka O'Connor, a Florida state prisoner, appeals the district court's dismissal of his pro se complaint, brought under 42 U.S.C. § 1983, for failure to state a claim pursuant to the screening procedures of 28 U.S.C. § 1915(e)(2). O'Connor raises several issues on appeal, which we address in turn. After review, we affirm the district court's dismissal of O'Connor's complaint.

I.

O'Connor first contends prison officials violated his Fourteenth Amendment due process rights by wrongfully considering several overturned or allegedly invalid disciplinary reports when initially placing him in close management and thereafter approving of his continued placement in close management. A district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1) is reviewed de novo. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001).[1]

"In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate

---

[1] We note that, since O'Connor was not proceeding in forma pauperis in the district court, his complaint should have been dismissed under 28 U.S.C. § 1915A(b)(1) rather than the companion statute 28 U.S.C. § 1915(e)(2)(B)(ii). Since O'Connor does not object on appeal, and since any error resulting therefrom was harmless, we will consider the dismissal as occurring pursuant to § 1915A(b)(1). *See Leal*, 254 F.3d at 1279.

process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir.1994)). "The minimum requirements of due process for prisoners facing disciplinary action . . . are (1) advance written notice of the charges; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence, when consistent with institutional safety and correctional goals." *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999). A prisoner placed in close management for non-disciplinary reasons, however, is merely entitled to "some notice of the charges against him and an opportunity to present his views." *Shelley v. Dugger*, 833 F.2d 1420, 1426 (11th Cir. 1987) (quoting *Hewitt v. Helms*, 103 S. Ct. 864, 874 (1983)). Due process also requires that prisoners held in close management be given "some sort of periodic review of the[ir] confinement." *Id.*

Assuming O'Connor's placement in close management deprived him of a protected liberty interest and was disciplinary in nature, O'Connor's complaint fails to state a due process claim because it does not allege that he was afforded constitutionally-inadequate process. O'Connor's complaint does not allege that prison officials have failed to provide him with adequate notice, a statement of reasons for his placement in close management, an opportunity to present evidence, or periodic review of his status. Moreover, although Florida's prison

3

regulations are not constitutional mandates, *see Magluta v. Samples*, 375 F.3d 1269, 1279 n.7 (11th Cir. 2004), O'Connor's complaint does not even allege that prison officials violated Florida's detailed procedural requirements. *See* Fla. Admin. Code R. 33-601.800. O'Connor has simply failed to allege he was denied the ability to meaningfully present his arguments regarding the contested disciplinary reports to prison officials. The district court therefore did not err by dismissing O'Connor's complaint as to his due process claim.

## II.

O'Connor also argues the district court should not have dismissed as frivolous his fraud claim, which consisted of allegations that certain prison officials profited by selling bonds with inmates held as collateral. A district court's sua sponte dismissal of a complaint or part of a complaint for frivolity under 28 U.S.C. § 1915A(b)(1) is reviewed for abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). "A claim is frivolous if and only if it lacks an arguable basis either in law or in fact." *Id.* (quotation and citations omitted). Since O'Connor's fraud claim has no basis in law or fact, the district court did not abuse its discretion in dismissing the claim as frivolous.

## III.

The district court did not err in dismissing O'Connor's complaint as to his claims of due process violations and fraud. We reject O'Connor's remaining claims and arguments without further discussion.[2] Accordingly, we affirm.

**AFFIRMED.**

---

[2] O'Connor's remaining arguments on appeal are that the district court erred by: (1) failing to address his claim for injunctive relief; (2) failing to conduct a de novo review; (3) denying his motion for reconsideration; and (4) denying his motion to proceed in forma pauperis on appeal and requiring the payment of the filing fee in the district court.